The next matter number 25-1146 United States v. Rahim Shafa. At this time would counsel for the appellant please come to the podium and introduce himself on the record to begin. Martin Weinberg on behalf of appellant Dr. Shafa. This appeal raises both important errors regarding sentencing and the use of acquitted conduct and may present there's no reported decision yet applying the November 1 2024 guideline amendment that changes how acquitted conduct can intersect with relevant conduct so this may be the first opportunity for a federal appellate decision on this important guideline but I'd like first to argue briefly one of the trial issues which is the courts exclusion under 804 b1 of the proffered evidence of an out-of-court sworn statement by a Mr. Wayne Moran. Pause once again I just want to make sure the clock is working again. Oh it's not. Now it is. Okay go ahead. I'm reminded to ask for two minutes for rebuttal if you want to please. Thank you. Mr. Moran was the person that exported a compound pellet which Dr. Shaffer as a psychiatrist would use in his treatment decisions with patients who would not otherwise conquer opiate addiction through the more traditional methodologies. This pellet was not FDA approved which was the bottom line for the series of convictions for smuggling for paying for the exports which constituted international money laundering and for an FDA. Counsel excuse me I think we I think we know the background let me just identify for you what bothers me about your argument so that you can respond to it. In my mind the government made an effective argument that in that prior trial Mr. Moran was testifying in a very different capacity. There he was called by the government as a cooperating witness as part of their case against Dr. Guberman and so they had no incentive to discredit his account of what that customs official in Anchorage had told somebody who told him. Whereas here if that testimony was introduced through the record of that prior trial there are a ton of questions that they would want to be able to ask and of course they couldn't he's not there to discredit what he said I mean doesn't that justify the exclusion of his testimony even though that may not have been the basis on which the judge ruled that does seem to me a compelling argument as to why there was no error in excluding that testimony. And I think that becomes a construction issue of how the court wants to apply 804 b1 you know clearly here it met the other elements of the rule and the question is whether the government had a similar interest in cross-examining Moran. I subject I submit that the redirect examination and the Guberman trial which appears at the appendix 339 to 41 of the Shaffer appendix reflects the government's wanting to impeach Mr. Moran on this point yes gently impeach him because they didn't want to extinguish his credibility because they were relying on him as a co-conspirator just like the government in this case relied on him as a co-conspirator in several of the counts that led to acquittals. But they did want they did want to discredit and they admitted in their brief that they were on the same side of us at believing that the specific Moran testimony that he was in good faith in allowing his office manager to put plastic beads and replace of a jar of a drug on the label that that was not testimony that the government accepted in the Guberman trial and they certainly didn't accept it in the Shaffer trial and when you read the redirect they have him agree that that's the test that's the description that his office manager gave and then they say wouldn't it have been more accurate if you put down drug or naltrexine which is the specific drug he admits it would have been more accurate they then ask on redirect and isn't it a fact that you would have suffered a greater chance of having a seizure if you accurately labeled the export shipment package and Mr. Moran said yes that was a recognition that although they had to walk a fine line between not trying to blow up a witness that they were relying on for other purposes they recognized and they've agreed they had a similar motive and didn't accept and did distrust that level of testimony and they did their best to walk that line that's all the rule requires the rule actually on its face talks about the prior testimony can be on direct redirect cross-exam you don't need an identical motive you need a specific motive and you look not in general to there's no prohibition that a witness called by one party can't have out-of- court testimony called by a different party it's whether the specific testimony was they were both on the same side and I think this redirect demonstrates that the government recognized and they cross-examined him on redirect although not in the kind of unconditional way they would have if they were not relying on him on other points counsel in a footnote in the Bartello decision we said that if there were strategic reasons for a party not to ask certain questions during prior testimony that that would not be enough to take it out of the exception do you know if there's any case law interpreting what strategic what would qualify as a strategic decision which it seems to me is essentially what you're arguing right now that the government asked a few questions but strategically decided not to ask every question that it could do you have any cases that have really touched on this issue not not directly and not beyond the ones we cited for the similarity of interest if I've the definition if I'm following your argument the strategic reason for them not to have asked those extra questions in that context had to do with a different motivation for using the witness there than here is that right yes so why doesn't that support the position the government advance that judge Lopez was asked you about which is that strategy can be all kinds of things but when the strategy is generated by a differing motive as to the use of the witness doesn't that then suggest it's not the same interest and had they had an interest in accepting this portion of mr. Moran's testimony we would not have a credible principle they don't for be one argument but in fact the government didn't accept that they even said in their brief we were on the side as dr. Schaffer and distrust it but in the posture in which he was testifying their interest in going into that harder was not the same as it would be here and that doesn't seem like a strategic point about how to use it when you have the same interest that seems like a different approach given the different interest what's wrong with that characterization I think that characterization is correct however I don't think that takes it outside of the rule because I think the test is you know was there a similar motive or interest and I think the redirect would demonstrate that the government did impeach its own witness on this point and I think that's all that's required to allow this the second defendant dr. Schaffer to use it and admit the testimony and and that's the point that's raised by the substantive issue I'd like to however address the sentencing issues which I think are important you know the Sentencing Commission you know in its acquitted conduct history talked about the fact that we've watched a dwindling of the jury trial right only 2.5 percent of defendants of time I don't discount the importance of the guideline and the background to it but doesn't it reduce to the question of what involving fraud means in this case excuse me doesn't the question here reduce to what the guideline that uses the phrase involving fraud means am I wrong about that I think it's whether or not it's it's what the guideline that says that the acquitted conduct must establish in whole or in part the crime of conviction I think is the key to interpret a guideline consistent how it works because it just walked me through how we get to the enhancement here that you're saying is barred miss miss branding conviction misdemeanor no mens rea elements did not require proof of fraud government subjects under count nine special verdict felony acquittal key question is whether the fraud or the whatever evidence they have but I'm trying to walk through is we have a guideline that was applied here that you're objecting to is what the guideline is the 2b 1.1 which is a cross-reference to 2 and 2.1 which is the misbranding guideline to get for misdemeanor to get to get to the ultimate one that's applying the enhancement don't we have to go through a guideline that only sends you there if it's a crime involving fraud that writer yes your honor so doesn't that mean that the relevant thing we should be construing here is that phrase involving fraud on two levels judge one is whether there was facts to show show involving fraud but on the as a result of the guy of the acquitted conduct guideline whether those facts if available were acquitted were the facts that were relevant only to the felonies that the jury rejected but that doesn't that depend on whether we can only look at I mean we've got a conviction for an offense that qualifies as involving fraud for the guideline that sends you there meeting the misdemeanor misbranding which doesn't have any fraudulent element yes and the Commission says if the misdemeanor which the index points to only one guideline to and 2.1 if that offense misdemeanor misbranding involve fraud go to the fraud guideline and are you what are you saying about that yes we should get involving fraud or did not a I believe actually they didn't prove that there was patient fraud which is the fraud that deals with the results and what about the importation count and how that gets us the importation count has to go first to misbranding so you're still at the same crucial level of whether the misbranding conviction involve fraud the smuggling conviction again the index points to tooth 2t 3.1 a separate guideline you only get to misbranding because the imported drug was contraband was contraband meaning a drug therefore they have the choice of a higher guideline the council didn't leave the court in kind of a commonsensical way looked at the council conviction and at the heart they involve a misrepresentation under oath on a declaration which is part of the importation process which mischaracterized the items that were being brought in brought into the country I mean that seems to be quintessential fraudulent conduct you are making a misrepresentation about the nature of the items being imported what is that sort of how the judge looked at it yes there's fraud was fraud all over these convictions judge took it all as relevant conduct but she what she didn't do is apply the acquitted conduct guideline you know properly the acquitted conduct guideline was intended to not not to recodify judicial discretion which has occurred since the Watts decision and was the subject of all this criticism the guideline was was implemented to narrow that and we argue that council if I could just ask you to focus in on there was clearly evidence of false customs documents so why is it incorrect for the district court here to conclude that the convicted conduct not the acquitted conduct the convicted conduct involved fraud it involved the defendant using false knowingly using false customs documents why doesn't that qualify even under your understanding of the new guideline for two reasons one is a more technical reading which is that the smuggling guideline only takes you so far as the misbranding guideline the cross-reference was from smuggling to misbranding it was not directly to fraud in order to get to fraud you had to find that the misbranding involved fraud the misbranding didn't involve fraud and the acquittals for felony intent to defraud the acquittal for intent of the conspiracy to defraud ice were relevant to that decision but second the customs violations could be proven in narrow ways which is that the judge gave two options to the jury one was simply the importation of misbranded drugs that would be no and knowingly committing a crime only one of the two options was not being reasonable and what you declared to customs that although there was false statements to customs it's speculative whether or not the jury relied on that and found fraud within the smuggling counts rather than relying on the simple importation of a misbranded drug you know on that second point is that a categorical approach that you require asking us to adopt or are you saying even under a fact-based approach we would come out the same way you're probably gonna say both but I take it that the first thing you just said is that implicitly saying we should adopt a categorical approach to the phrase involving fraud yes you should look at and so what it what's the basis for reading the phrase involving fraud to adopt the categorical approach because that's not usually the language that either the guidelines or the statutes use that trigger the categorical I think it's a involving fraud would normally be a determination whether there was sufficient evidence of fraud to substitute a fraud guideline in the guidelines that the index brought you to here because the fraud was it was this the heart of all of these acquitted conduct counts conspiracy but we're talking about the convicted counts the convicted counts it's a convicted counts you seem to be saying there was a way to convict that would not require proof of fraud yes but that wouldn't be the relevant question in a fact-based inquiry whether this offense more likely than not was convicted in a manner that involved fraudulent conduct and the absence of special verdicts we don't know what what the jury relied on to record and we don't have to do if the judge can make a finding that it's making its judgment by a preponderance are you just saying that was clear error on its part yes and moreover a customs fraud and I submit that there were that the lies to customs were inherent in smuggling and yet you know they lied about the value they lied about the content it's that's the heart of smuggling and yet the guideline doesn't have involved with fraud as a cross-reference in the smuggling guideline the smuggling guideline only takes you to miss branding yeah but still if it takes you to miss branding unless I'm missing something for purposes of the acquitted conduct isn't the smuggling still the conviction that matters or not the smuggling conviction matters but that's just it and then and then the question we ask is did that conviction of that offense involve fraud and I would argue that although it is only gets you to the fraud guideline through miss branding and the miss branding conviction is a misdemeanor that doesn't require fraud and doesn't get proven by fraud right but the the does it matter that they're only get the district court only got there through their miss branding guideline because still at the end of the day the district court is looking at what relevant conduct I can consider in fashioning what I believe is the correct sentence and I would contest two things one is that the smuggling of the drug is not relevant conduct to a simple no mens rea misdemeanor labeling issue the label on the drug the absence of an Rx the absence of a manufacturer is different than the miss statements on the shipping documents which claimed it to be plastic beads in other words it's a long reach to say that we're going to switch out of miss branding guideline to a fraud guideline based on several misstatements on the packaging of ship documents you know the miss branding guideline goes specifically to a label that the FDA requires includes directions on use Rx and the manufacturing second the relevant conduct and its intersection with acquitted conduct that that given given the lack of hard evidence that the smuggling was proven by a jury finding of the seat on customs although that was part of the evidence and that was one of the options this was largely that they're enhancing the fraud guideline based on losses to patients based on how many victims were patients that has nothing to do with customs fraud it has everything to do with patient fraud the patient fraud was directly acquitted conduct the jury found that FDA miss branding with the intent to deceive patients was a not guilty so that even if you get to the fraud guideline to use the customs deceit to enhance by 16 levels the sentence that otherwise would be imposed for smuggling or for fraud without the enhancements or for miss branding could only be used with acquitted conduct and that's what drove the sentence that's what multiplied it from a 0 to 6 or a 6 to 12 base offense level up to a guideline of 63 to 78 months it was using the acquittal of the patient fraud to impose loss and gain to impose how many victims to impose special harm if the smuggling ends up involving fraud it has no enhancements it's the same base offense level six none of the enhancements correlated to whether or not they devalue the loss in fact the smuggling guideline talks about how much tax loss it was because of the deprivation of a customs duty something the government didn't ask for they didn't get the judge just took the smuggling deceit and suddenly we end up with a with a sentence of three years in a guideline of 63 to 78 months that's based purely on acquitted conduct the patient harm that was the heartland of the counts that the jury found to be not guilty thank you thank you so that's that's the essential argument on the acquitted conduct thank you thank you church thank you counsel at this time with counsel for the appellee please introduce yourself on the record to begin good morning may it please the court unless the court has a Karen eyes instead for the government unless the court has a different preference I wanted to start where defense counsel started in terms of the Moran testimony and make just a couple points about that you mind since the guideline issue is so technical and it just happens to be in my mind if you could start with that absolutely so the acquitted conduct amendment didn't preclude the use of the fraud cross-reference here because the district court found the fraudulent aspects of the importations established in whole or in part the defendants smuggling convictions counts six through eight his argument appears to be that somehow we can just just walk me through the actual guideline that we're applying that would apply the enhancement is the loss guideline right so I just walk me through how it gets like let's figure out what text I'm supposed to be looking at right exactly so he's convicted of smuggling misdemeanor misbranding money laundering so the court needs to calculate guidelines for each of them and then pick the highest one the easiest way to get at it is to say well he was convicted of smuggling counts six through eight the offense guideline for smuggling is 2t 3.1 which says if the offense involves a contraband item covered by another offense guideline you go there and here it did because it was misbranded drug so that takes us to the misbranding guideline but we're still looking here of course the calculation for the smuggling convictions the misbranding guideline then says 2 and 2.1 c1 there's a cross-reference if the event offense involved fraud then apply to be 1.1 which is the fraud guideline and the offense on your view at that point is not misbranding it's smuggling correct okay correct so that's what we're calculating if we agree with you on that score then the relevant question for us is does smuggling constitute an offense that was involving fraud that is correct okay and if involving fraud requires the categorical approach then what so I don't think it does I understand I don't go step by step but if it did then what if it's a categorical approach because I think what the what your opponent was saying is under the categorical approach it's not obvious that smuggling requires a finding of something that will constitute fraud in order to be that sounds right right that sounds right okay implicit in your position is it involving fraud does not adopt the categorical approach and that we have to read that to be a fact-based approach correct that's correct and I also don't understand the defense in their briefing to have challenged the idea of whether the smuggling convictions involved fraud I mean that I don't understand that argument have been made either way so then so you think then it's easy as pie because offense means the smuggling they're not challenging smuggling involved fraud so when we get to the acquitted conduct guideline it's no big deal because this is just offense for which there was a conviction that involved fraud that's the end of it that's your that's correct that's how we understand the district court was thinking about it and okay that is how we think about humor me and if they were contesting that it was involving fraud smuggling itself how does your analysis go that leads us to the conclusion we can look at the facts as to how this particular smuggling offense was so I just like to push back a little assuming the point of the categorical approach but I'd like to push back a little because the court did decide use this cross reference in the Kumar case and it was not a categorical approach it was looking at what Kumar did and how he smuggled and whether it involved fraud so I don't think the categorical approach works here if it is I think I've conceded that there are ways to smuggle that don't involve fraud as a factual matter just before we get the fact just so I understand it what's the reason to to read involving fraud is not triggering the categorical approach because it doesn't use the word element doesn't have conviction it's a I'm just trying to figure out what's the how are we supposed to figure out when we use that approach and when we don't so these types of cross references are all over the guidelines you know one offense guidelines as well this offense involves X you go to another one so the assumption in how it works is that it's not categorical because if it always does then you would just say always go to that one but it's like the district court did this guy do it in a way that involves this thing so that's why I don't I think we've always assumed and the defendant doesn't contest this is depends on how you committed the crime okay and then with respect to how he committed it here you would just say by preponderance the judge could find he committed it through deceitful conduct so that's the end of it that's correct yes yeah if the court doesn't have further questions about the acquitted conduct I could turn back to the evidentiary issues yeah maybe just one last question I guess the necessary premise of this whole argument on your part is that the word offense for the when you get to the kicks you into miss branding and then there's that word offense even though miss branding got you there the word offense should still be referring back to smuggling so that's how I read it but I don't think actually that's required so it's offense is defined term the guidelines and sort of the definition section and it says offense means the instant offense of conviction and relevant conduct as judge Rickleman I think pointed out so in when they thought that the smuggling involved fraud they were actually looking at relevant conduct because he hadn't even been convicted of this brand but the offense can't mean miss branding on your view right for you to win not be of instant offensive conviction but the relevant conduct of course the miss branding was relevant so your view is miss branding isn't trying to be the offense or anything it's just the convenient thing to look to to figure out how to apply the guidelines when the offensive conviction is smuggling in this instance that's right that's what the guidelines instruct courts to do is that if it involved contraband that's where we want you to go to calculate and I know he makes a point about general unfairness that like you know this drove up his guidelines a lot based on because the fraud guideline then takes you into calculations of loss it related to the patients on that point those are all this is about cutting the guidelines and just following the rules correctly on that point of course those are all arguments the district court can take into account under 35 53 a and here he actually the court very downward quite significantly after corrected calculating the guideline just jumping back quickly to Moran I just wanted to make two points that I think are responsive to his reply not Nestle fully covered in the government's briefing first he makes an argument that he preserved this claim because he asked the court to make a 804 b1 similar motive finding as Moran's intent separate from shoppers intent under conspiracy so he sort of says that's enough because it's a similar motive finding and it's a similar issue he did not actually ask that if you look at the record and as his own brief makes clear this is page 10 of his opening brief his request to admit Moran's testimony as to the conspiracy was based solely on rules 106 and his constitutional rights it had nothing to do with 804 b1 and thus there's no way the district court could have taken that as a request to please make a similar motive determination as to more and Moran's intent sort of standing alone he also makes a point about the government's redirect of Moran in the Guberman trial and I would just note there that you know there was a couple redirect questions did you think it sounded vice or did you think that was accurate but the government notably did not do and would have had an interest in doing this case was like did you just make this up like did this even happen but that would have been of course a whole different type of impeachment of the government's own witness. Counsel I there's a point here that does confuse me I thought that in part defense counsel was asking for the admission of this Moran testimony in hopes of then being able to argue that Moran could not have the requisite intent to commit the crimes at issue and if he did not have the requisite intent the doctor here could not be aiding and abetting him in that offense and that it understood that you were pursuing an aiding and abetting theory at which point the government says no no we are prosecuting the doctor as a principal and so whether Moran had the requisite intent just doesn't matter to me this record is quite confusing as to whether the government was proceeding on a principal theory or an aiding and abetting theory the indictment alleges both court instructed on both so I don't know how you can argue that the government was proceeding solely on a principal theory of liability when there's so much in the record that suggests to the contrary and so this basis for objecting to the admit to admitting Moran testimony seems very flawed in that sense so just to clarify I think what your honor is describing is their argument on appeal which the government's argument in terms of lack of preservation is not one they presented to the district court the district court they said we want this in because you know we need to Shaffer's intent is that issue and we want to put it in for Shaffer's intent and the district court did make a finding of no similar motive for that because he did ask to admit it on that basis and she said well I don't see a similar motive because there was no interest of the government to cross-examine Moran about his relationship with the Shaffer's did he tell any of this to the Shaffer's in the Guberman trial so she made the finding for the thing he asked it for she didn't make a finding as to similar motive on Moran's intent sort of standing alone like whether he communicated anything to Shaffer or not because he didn't ask the court to do that then separately I think this issue about aiding and abetting and whether the government proceeded on that theory that's the government's argument about prejudice lack of prejudice prong three prejudice and so what the government is saying is that there's no reasonable probability here that he was convicted by the jury of smuggling solely on the aiding and abetting theory because if it was both there'd still be no prejudice because he's only appealing admission as to aiding and abetting so if it's direct liability and aiding and abetting no prejudice so he needs to show under plain error that there's a reasonable probability that the jury convicted him only on an aiding and abetting theory for smuggling and the government's position is there's no reasonable probability that's the case he suggests in his reply brief the jury likely would have skipped direct liability gone straight to aiding and abetting because Moran was the shipper but that assumes the jury was ignoring the jury instructions because they the court correctly instructed Shaffer could be guilty of aiding and abetting only if Shaffer knew the customs descriptions were false you still have to find Shaffer's intent to convict because that's the advanced knowledge requirement for aiding and abetting but if they found Shaffer knew they were false then also under the jury instructions he's directly liable because he's the importer of record so there's no it doesn't make sense then to think the jury's skipping over the direct liability theory the government argued in closing that's much more straightforward and just skip that entirely and just went to the more attenuated aiding and abetting theory and saying we're gonna find Moran's intent and Shaffer's intent and convict just on that basis without the direct liability so that's the government's position on council I think you did though argue in your brief that below the government was not pursuing an aiding and abetting liability and and just like judge Lopez I was a little concerned about that because I wasn't sure the record was consistent with that argument so one factual question I have did the government request the aiding and abetting instruction my understanding my recollection is yes it when we filed proposed jury instructions that was in there so how can we conclude that you weren't pursuing that theory when you requested an instruction on it I think what the government is relying on here is how this court has looked at prejudice in the past which is you know a sort of practical whole record analysis of like do we actually think the jury's relying on this bit that you're saying is problematic and so on that basis the courts often looked at the government's closing argument and said well okay which theories are you really pressing with the jury that we think the jury's then going to be thinking about because obviously if we press aiding and abetting very hard and closing then that does look prejudicial here we didn't mention aiding and abetting once during the trial not an opening not in closing not in any examination where we focused on like let's just look at Moran's intent like without looking at Shaffer's which would be the aiding abetting argument he's making so that's the government's argument that we weren't pursuing it but I recognize that it's not as strong of a case given that it's in the indictment we asked for the instruction that that is a different situation in the similar interest the question of what's a similar interest is that a factual determination by the district court yes I think it's a I mean it may be mixed in that there's some like so how do we review that do we have any case law on that because the reason I ask is that if I'm following your position the only similar interest finding requested below was with respect to a different scenario then the similar interest finding that they're now advancing on appeal that's correct so we wouldn't have a finding one way or the other as to there was such a similar interest is it now I take it then if if you're right about that then we were on plain error that's correct and there's just no way they could win because it's dependent on a fact that they never asked to be found right so in the government's brief we cite a case on that proposition that you know they keep arguing the court didn't make this finding the court didn't make the finding because they didn't ask the court to make the finding but you treating it as a factual finding that has to be made by the district court that we review for clear error I think there are definitely factual aspects to it because you're looking at both you know a transcript of course the court has that in the prior trial but also an understanding of what's going on in the instant trial and what the motives are there so I think there's certainly a level of deference if not fully factual that you would give to the district court and understanding what the motives are in the in the two situations there probably also is an overlay of what the legal standard is of course thank you thank you counsel at this time with counsel for the appellant please reintroduce himself on the record he has a two-minute rebuttal thank you Martin Weinberg for the appellant in terms of the sentencing issues the Kumar case which judge Rickleman sat on is a very different case he ran a call center in India that lied about the drugs that were being sent to America being FDA approved when they're not he pled guilty there was no acquitted conduct issue when the charges in the Kumar case were as a felony conspiracy that he pled guilty to and not a misbranding misdemeanor second is that we did raise the issue that fraud was not inherent in the smuggling convictions at page 87 of our original brief where we talked about the two different ways under the instruction that won't matter if we can still look at the factual means by which this fraud this smuggling offense was carried out insofar as the relevant offenses smuggling not misbranding yes and there we have two arguments which is that the limited deceit to customs was inherent in smuggling if the Commission didn't put to be wanted and their index as an alternative they could only therefore go through the misbranding and in misbranding there was no sufficient evidence of patient fraud and the patient fraud was an acquittal that didn't what's the second argument that that's a combination of both of both of those two arguments one that the facts were missing and to that and what's that's what I'm having trouble with what facts are missing that that would permit you to conclude that a smuggling was the right offense to be focused on here it was carried out in a way that was deceitful that there was multiple ways that that seems like a categorical approach are you just saying there's no way on this record to say what's more likely than not that that it it's such that it was clear error to conclude that it was actually carried out with fraud the facts in this case that involve customs deceit were at the value and the guideline talks about an enhancement to the smuggling guidelines for a loss of taxes and the second false statement to customs was as to the plastic beads versus drugs these are not the kind of false statements that support a fraud cross-reference there within the heartland of smuggling there within the enhancement for lost customs duties and they were not as factually sufficient to warrant a substitution of a fraud guideline and plus the the it was the acquittal for conspiracy that went back to 2008 that the judge imposed loss and gain based on patient fraud back to 2008 another use of acquitted conduct in terms of Moran if I could just have in one more moment mr. Dr. Schaffer received these drugs under his own name his own credit card his own email the shipper was dr. Moran was mr. Moran it is very plausible that the jury relied on Moran as the principal the shipper the exporter and Schaffer is the aided and abetted that paid for it and received it if the government doesn't want aiding and abetting as an alternative don't ask for it but they ask for it they have it's instructed at length it provided the jury with a second pathway to conviction the jury's follow instructions or at least we premise our appellate decisions on their following instructions and there is every bit as likelihood they found an aiding and abetting rather than a principal theory to find dr. Schaffer culpable of smuggling thank you thank you very much thank you counsel that concludes argument in this case